UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

ROBERT SANFORD,                          :

              Petitioner,          :          11 Civ. 5714 (JPO) (AJP)

       -against-                        :     **REPORT AND RECOMMENDATION**

WILLIAM A. LEE,                          :

              Respondent.         :

------------------------------------- x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable J. Paul Oetken, United States District Judge:**

        Pro se petitioner Robert Sanford seeks a writ of habeas corpus from his 2005 conviction in Supreme Court, New York County, of second degree kidnapping and sentence of twelve years imprisonment. (Dkt. No. 1: Pet. ¶¶ 4-5.)

        For the reasons set forth below, Sanford's petition should be <u>DENIED</u> as barred by the AEDPA's one-year statute of limitations.

**FACTS**

        On August 1, 2005, Justice William Wetzel sentenced Sanford, as a second violent felony offender, to twelve years imprisonment. (Dkt. No. 23: Fleischmann Aff. Ex. A: Sanford 1st Dept. Br. at 1; Fleischman Aff. Ex. B: State 1st Dept. Br. at 1.) On February 5, 2008, the First Department affirmed Sanford's conviction. <u>People</u> v. <u>Sanford</u>, 48 A.D.3d 221, 851 N.Y.S.2d 165 (1st Dep't 2008). The New York Court of Appeals denied leave to appeal on May 12, 2008. <u>People</u> v. <u>Sanford</u>, 10 N.Y.3d 869, 860 N.Y.S.2d 496 (2008). (<u>See also</u> Fleischmann Aff. Ex. F: 5/12/08 N.Y. Ct. App. Cert. Denying Leave.)

Approximately eighteen months later, on November 4, 2009, Sanford filed a C.P.L. § 440.10 motion to vacate his conviction, claiming that: (1) he received ineffective assistance of trial counsel; (2) Justice Wetzel deprived him of a fair trial by refusing to charge a lesser included offense of second degree kidnaping; and (3) a potential juror's prejudicial statements during voir dire tainted the jury. (Fleischmann Aff. Ex. G: Sanford § 440 Motion ¶¶ 3, 7, 9-18.) On March 5, 2010, Justice Ruth Pickholz denied Sanford's § 440 motion, on the grounds that: (1) Sanford failed to provide affidavits from his trial attorneys, or any other evidence of their ineffectiveness; (2) the failure to charge a lesser included offense claim was rejected on appeal; and (3) the balance of the claims about the conduct of the trial could have been raised on direct appeal. (Fleischmann Aff. Ex. H: Justice Pickholz 3/5/10 Decision at 1-4.) On May 19, 2011, the First Department denied leave to appeal. (Fleishmann Aff. Ex. K: 5/19/11 1st Dep't Cert. Denying Leave.)

**Federal Proceedings**

On August 2, 2011, Sanford filed the instant petition (Dkt. No. 1),[1] raising the same claims he previously raised in his C.P.L. § 440 motion, that: (1) he received ineffective assistance of trial counsel; (2) Justice Wetzel deprived him of a fair trial by refusing to charge a lesser included offense of second degree kidnaping; and (3) a potential juror's prejudicial statements during voir dire tainted the jury. (Pet. ¶ 13.)

---

[1]   A pro se prisoner's documentation is deemed "filed" when delivered to prison authorities for forwarding to the court. Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 2382 (1988); Noble v. Kelly, 246 F.3d 93, 97 (2d Cir.) (applying prison mailbox rule to habeas petitions), cert. denied, 534 U.S. 886, 122 S. Ct. 197 (2001). Sanford's habeas petition did not identify his habeas claims as called for by paragraph thirteen. (Dkt. No. 1: Pet.) Sanford's paragraph thirteen information was filed on April 13, 2012. (Dkt. No. 26: Pet. ¶ 13.)

On October 13, 2011, Chief Judge Preska ordered Sanford to submit an Affirmation showing why his petition should not be dismissed as time-barred. (Dkt. No. 5: 10/13/11 Order.) In response, Sanford stated that equitable tolling is warranted based on his attorney's failure to submit a timely post-conviction C.P.L. § 440 motion. (Dkt. No. 9: Sanford 12/15/11 Aff. p. 1-2.) Sanford cited counsel's "inability to ascertain the required information needed to effectively litigate the [§ 440 motion] in a expeditious manner" as the reason for counsel's delay in filing the post-conviction § 440 motion. (Sanford 12/15/11 Aff. p. 2.) Sanford argued that it would be "unfair" to find his habeas petition untimely where the filing delay was caused by his attorney's failure to file a timely post-conviction § 440 motion. (Sanford 12/15/11 p. 2.)

On April 18, 2012, the State opposed Sanford's habeas petition as time-barred. (Dkt. No. 23: Fleichmann Aff.; State Br.) Sanford has not responded to the State's papers.

## ANALYSIS

## SANFORD'S PETITION IS TIME-BARRED UNDER THE AEDPA

The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one-year limitations period for habeas corpus petitions, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

4

A.  **Sanford's Petition is Time-Barred Under the AEDPA**

Sanford's conviction became final on August 11, 2008, ninety days after the New York Court of Appeals' May 12, 2008 denial of leave to appeal. E.g., Williams v. Artuz, 237 F.3d 147, 150-51 & n.1 (2d Cir.), cert. denied, 534 U.S. 924, 122 S. Ct. 279 (2001). Sanford did not file his pro se habeas petition until August 2, 2011 (see page 2 above), almost three years later. Sanford filed his C.P.L. § 440 motion on November 4, 2009 (see page 2 above), almost three months after the August 11, 2009 expiration of his AEDPA filing deadline. It is black letter law that a C.P.L. § 440 motion filed after expiration of the AEDPA limitations period does not start the one-year limitation period anew. See, e.g., Bethea v. Girdich, 293 F.3d 577, 578 (2d Cir. 2002) ("[S]tate-court applications for collateral relief do not 'restart' the AEDPA limitations period."); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."), cert. denied, 531 U.S. 840, 121 S. Ct. 104 (2000).[2]

---

[2] See also, e.g., Doe v. Menefee, 391 F.3d 147, 154 (2d Cir. 2004), cert. denied, 546 U.S. 961, 126 S. Ct. 489 (2005); King v. Lee, No. 11-CV-0213, 2012 WL 1038562 at *2 (W.D.N.Y. Mar. 27, 2012) (petitioner not entitled to statutory tolling because the AEDPA's one-year limitations period had expired prior to the C.P.L. § 440 motion filing); Barnes v. Bradt, 09 Civ. 9533, 2012 WL 691530 at *3 (S.D.N.Y. Feb. 29, 2012) (petitioner not entitled to statutory tolling because coram nobis petition was filed after the AEDPA limitations period had expired); Bramble v. Connolly, No. 10-CV-5775, 2011 WL 2471515 at *3 (E.D.N.Y. June 21, 2011) (Petitioner "moved to vacate his conviction on December 22, 2008, more than four months after the deadline for filing his federal habeas petition. Because the limitations period had already expired, [petitioner] finds no comfort in the tolling that otherwise would apply under 28 U.S.C. § 2244(d)(2) to the time period during which his § 440 motion was pending."); Lawrence v. Greene, No. 06-CV-0202, 2011 WL 1327128 at
(continued...)

5

Accordingly, Sanford's habeas petition should be DENIED as time-barred under 28 U.S.C. § 2244(d)(1)(A), unless it is saved by equitable tolling.

### B. Sanford is Not Entitled to Equitable Tolling

In Holland v. Florida, 130 S. Ct. 2549 (2010), the Supreme Court (as had the Second Circuit for years) held that the AEDPA limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. at 2560. The Supreme Court reiterated the long-standing Second Circuit rule that "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

---

2/ (...continued)
*3 (E.D.N.Y. Mar. 31, 2011) (Although "Petitioner filed a Section 440.10 motion, it was not filed until after the one-year limitations period under the AEDPA had already expired and, thus, was not 'pending' at any time during that one-year period. Accordingly, the motion does not toll the one-year limitations period."); Moore v. Cook, No. 09-CV-2381, 2010 WL 2680328 at *2 (E.D.N.Y. June 30, 2010); Duell v. Conway, 07-CV-1321, 2010 WL 2695641 at *3 (N.D.N.Y. May 6, 2010), report & rec. adopted, 2010 WL 2680208 (N.D.N.Y. July 1, 2010); Oberoi v. Cook, 09 Civ. 9274, 2010 WL 1010055 at *1 (S.D.N.Y. Mar. 19, 2010) (Peck, M.J.), report & rec. adopted, 2010 WL 1404176 (S.D.N.Y. Apr. 7, 2010); Dodell v. Walsh, 09 Civ. 9902, 2010 WL 624910 at *2 (S.D.N.Y. Feb. 19, 2010); Williams v. Conway, 596 F. Supp. 2d 770, 774 (W.D.N.Y. 2009) ("A state-court collateral attack on a conviction cannot toll an already expired limitations period. Nor does a belatedly filed state-court collateral attack serve to start the limitations period running anew." (citations omitted)); Frawley v. Brown, No. 07-CV-4580, 2007 WL 4264607 at *2 (E.D.N.Y. Nov. 30, 2007) ("Petitioner is not entitled to statutory tolling because his post-conviction motion . . . does not operate to toll the running of the limitations period, since it was filed after the statute of limitations expired."); Williams v. Phillips, 04 Civ. 4653, 2005 WL 1806161 at *9 (S.D.N.Y. Aug. 2, 2005) (Peck, M.J.) ("The Second Circuit has made clear that the state collateral attack toll of § 2244(d)(2) does not start the one-year limitation period to run anew, especially when it has already expired before the collateral motion."); Martinez v. Keane, 02 Civ. 9030, 2003 WL 21254422 at *1 (S.D.N.Y. May 30, 2003) (Peck, M.J.); Rosario v. Bennett, 01 Civ. 7142, 2002 WL 31852827 at *13 & n.16 (S.D.N.Y. Dec. 20, 2002) (Peck, M.J.) (& cases cited therein), report & rec. adopted, 2003 WL 151988 (S.D.N.Y. Jan. 21, 2003).

6

stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)).[3/] Sanford does not meet this test.

First, Sanford fails to show the existence of some extraordinary circumstance that prevented timely filing of his C.P.L. § 440.10 motion and subsequent delay in filing a habeas petition. Sanford argues that the delay was caused by his attorney's failure to "litigate the matter in a timely fashion" and "inability to ascertain the required information needed to effectively litigate the" § 440 motion. (Dkt. No. 9: Sanford 12/15/11 Aff.; see page 3 above.) Courts of Appeal have held that mere attorney error does not constitute an extraordinary circumstance warranting equitable tolling. E.g., Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) ("miscalculating a deadline is the

---

[3/]   The Second Circuit has explained the extraordinary circumstances/reasonable diligence standard with respect to equitable tolling of the AEDPA's limitations period:

> To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll. To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances. Hence, if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.

Baldayaque v. United States, 338 F.3d 145, 150 (2d Cir. 2003); accord, e.g., Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); Prescod v. Brown, 10 Civ. 2395, 2011 WL 182063 at *3 (S.D.N.Y. Jan. 20, 2011) (Peck, M.J.), report & rec. adopted, 2011 WL 497855 (S.D.N.Y. Feb. 20, 2011); Forbes v. Walsh, 04 Civ. 5076, 2007 WL 54792 at *3 (S.D.N.Y. Jan. 9, 2007) (Peck, M.J.) (& cases cited therein), report & rec. adopted, 2007 WL 646267 (S.D.N.Y. Mar. 2, 2007).

sort of garden variety attorney error that cannot on its own rise to the level of extraordinary circumstances"); Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) ("[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling."), cert. denied, 534 U.S. 944, 122 S. Ct. 323 (2001); Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999) ("Normally, however, a lawyer's mistake is not a valid basis for equitable tolling . . . ; forcing the defendant to defend against the [petitioner's] stale claim is not a proper remedy for negligence by the [petitioner's] lawyer."); Sandvik v. United States, 177 F.3d 1269, 1270 (11th Cir. 1999) ("[M]ere attorney negligence . . . is not a basis for equitable tolling.").[4]

Only where counsel's conduct is so "outrageous or so incompetent," such as failing to timely file despite assuring the petitioner that counsel would do so, will it be considered extraordinary. See, e.g., Nickels v. Conway, No. 10-4228, 2012 WL 1592929 at *1 (2d Cir. May 8, 2012) (extraordinary circumstance based on counsel's failure to file a habeas petition despite repeated direction to do so, providing erroneous information about the importance of the statute of limitations, providing false assurances about petition's progress, and failing to communicate with the petitioner); Dillon v. Conway, 642 F.3d at 363-64 (extraordinary circumstance based on attorney "affirmatively and knowingly misleading [petitioner] by promising him that he would file the

---

[4] See also, e.g., Ryan v. Griffin, No. 10-cv-395, 2011 WL 6934269 at *4 (N.D.N.Y. Dec. 30, 2011) ("[A]ttorney error does not normally constitute the extraordinary circumstances necessary to toll the statute of limitations . . . ."); Lawrence v. Greene, 2011 WL 1327128 at *4; Patel v. Martuscello, No. 10-CV-4804, 2011 WL 703943 at *4 (E.D.N.Y. Feb. 16, 2011); Mathews v. Ercole, No. 09 Civ. 694, 2009 WL 2340671 at *1 (E.D.N.Y. July 29, 2009); Bowers v. Napoli, No. 08-CV-2980, 2008 WL 3851577 at *2 (E.D.N.Y. Aug. 18, 2008).

8

petition before" the deadline); Baldayaque v. United States, 338 F.3d at 152 (attorney behavior extraordinary due to his failure to file a habeas petition after being specifically instructed to do so, failing to complete any research on the case, failing to provide petitioner with a reasonable level of information, and failing to explain the matter to the extent necessary to make an informed decision).[5/]  There is "a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." Dillon v. Conway, 642 F.3d at 363.

Sanford's petition is devoid of any claim that his attorney's behavior parallels the types of behavior deemed sufficient to constitute an extraordinary circumstance.  Sanford makes conclusory statements of attorney inadequacy without pointing to any specific facts or circumstances of his attorney's outrageous or incompetent" behavior.  (See page 7 above.) Without more information, conclusory statements about counsel's "neglect" and "failure to effectively litigate" are insufficient to justify tolling. (Sanford 12/15/11 Aff. 6-7.) See, e.g., Lewis v. McGinnis, No. 04-CV-32, 2008 WL 833964 at *21 (N.D.N.Y. Mar. 27, 2008) ("A petitioner claiming extraordinary circumstances must support that claim with evidence and not simply with 'personal conclusions or assessments.'  A petitioner must also show that he was unable to pursue his legal rights during the entire period that he seeks to toll." (citation omitted)); Collins v. Artus, 496 F. Supp. 2d 305, 313 (S.D.N.Y. 2007) (Chin, D.J.) ("To establish extraordinary circumstances, a petitioner must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments.  Further,

---

[5/]  See also, e.g., Lama v. United States, No. 08-CV-3121, 2010 WL 5490873 at *3 (E.D.N.Y. Dec. 30, 2010); Cartagena v. Corcoran, No. 04-CV-4329, 2008 WL 630064 at *4 (E.D.N.Y. Mar. 3, 2008).

the party must show that he was unable to pursue his legal rights during the entire period that he seeks to toll." (citation omitted)).6/

Second, even if Sanford's attorney's conduct were so egregious as to be deemed extraordinary, Sanford still would not be entitled to equitable tolling because he has not shown that he diligently pursued his rights during the period he seeks to toll. See, e.g., Holland v. Florida, 130 S. Ct. at 2562 (petitioner "is 'entitled to equitable tolling only' if he shows '(1) that he has been pursuing his rights diligently'"); Harper v. Ercole, 648 F.3d 132, 134 (2d Cir. 2011) (A "litigant who seeks equitable tolling based on extraordinary circumstances and who establishes causation is required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled."); Smith v. McGinnis, 208 F.3d at 17 ("[T]he party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll).7/ Only reasonable diligence is

---

6/ See also, e.g., Artis v. Huliahn, 09 Civ. 9893, 2010 WL 4668926 at *4 n.4 (S.D.N.Y. Nov. 12, 2010) ("As with mental health claims, a petitioner seeking equitable tolling based on physical health must provide supporting evidence rather than relying on conclusory allegations and 'must prove that he was unable to pursue his legal rights during the entire period that he sought to have tolled.'"); Rodriguez v. Ercole, No. 08-CV-3745, 2010 WL 4669919 at *9 (E.D.N.Y. Aug. 2, 2010), report & rec. adopted, 2010 WL 4672074 (E.D.N.Y. Nov. 10, 2010); Victorial v. Burge, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 173 (S.D.N.Y. 2000) (Buchwald, D.J. & Peck, M.J.) ("[P]hysical or mental illness could toll the AEDPA's one-year time period to file a habeas corpus petition; however, a petitioner must allege more than the mere existence of physical or mental ailments to justify equitable tolling. A petitioner has the burden to show that these health problems rendered him unable to pursue his legal rights during the one-year time period. . . . [Petitioner's] vague responses are simply insufficient to support equitable tolling.").

7/ See also, e.g., Artis v. Huliahn, 09 Civ. 9893, 2012 WL 555149 at *4 (S.D.N.Y. Jan. 30, 2012) ("Even where circumstances are sufficiently extraordinary to justify equitable tolling, a petitioner's failure to use reasonable diligence to pursue his claim destroys the causal link
(continued...)

10

required to meet this burden. See, e.g., Baldayaque v. United States, 338 F.3d at 153 ("The standard is not 'extreme diligence' or 'exceptional diligence,' it is reasonable diligence . . . . [T]he district court should ask: did the petitioner act as diligently as reasonably could have been expected under the circumstances?").[8/]

Sanford provides no information to demonstrate that he diligently pursued his rights. Sanford does not claim that he was misled by his counsel. Sanford's petition and affidavit do not disclose any efforts undertaken to file his habeas petition or his C.P.L. § 440 motion before expiration of the AEDPA's one-year limitations period. In fact, Sanford fails to indicate whether Sanford retained counsel to file the § 440 motion before or after the expiration of his habeas deadline. Even assuming that Sanford retained counsel before the expiration of the habeas deadline, and the attorney was unduly delayed, Sanford fails to account for the two and one half months

---

[7/]   (...continued)
between the extraordinary circumstances and the tardiness of the petition."), report & rec. adopted, 2012 WL 555699 (S.D.N.Y. Feb. 21, 2012); Lopez v. Lee, No. 11-CV-2706, 2011 WL 6068119 at *6 (E.D.N.Y. Dec. 7, 2011); Cruz v. McGinnis, No. 11-CV-3442, 2011 WL 5848579 at *6 (E.D.N.Y. Nov. 22, 2011).

[8/]   The circumstances mentioned by the Second Circuit in Baldayaque included:

> (1) [Petitioner's] efforts at the earliest possible time to secure counsel for the purpose of filing a habeas petition; (2) [petitioner's] lack of funds to consult another lawyer; (3) [counsel's] assurances . . . that everything had been done that could be done; (4) [counsel's] failure to communicate directly with [petitioner] at any time; (5) [petitioner's] lack of education and inability to speak or write English; and (6) [petitioner's] incarceration and attendant lack of direct access to other forms of legal assistance."

Baldayaque v. Unted States, 338 F.3d at 153.

between May 19, 2011, when the First Department denied leave to appeal the § 440 decision, and August 2, 2011, when he filed his habeas petition.  (See page ___ above.)

Furthermore, Sanford could have avoided the risk of allowing the habeas limitations period to lapse while pursuing state post-conviction relief simply by filing "a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. at 416 (citing Rhines v. Weber, 544 U.S. 269, 278, 125 S. Ct. 1528 (2005)); see, e.g., Nichols v. Brown, 09 Civ. 6825, 2012 WL 555043 at *5 (S.D.N.Y. Feb. 21, 2012) (petitioner was not entitled to equitable tolling because he did not demonstrate good cause for the late filing of his post-conviction motion and he failed to file a protective habeas petition in federal court).

Sanford has not shown any extraordinary circumstance or that he tried to diligently pursue his rights, and thus equitable tolling is unavailable to him.  Accordingly, Sanford's petition should be DENIED as time-barred.

## CONCLUSION

For the reasons discussed above, Sanford's habeas petition should be DENIED as time-barred by the AEDPA's one-year limitations period.  A certificate of appealability should not be issued.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from service of this Report to file written objections.

See also Fed. R. Civ. P. 6.[9/] Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable J. Paul Oetken 500 Pearl Street, Room 620, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Oetken (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
June 22, 2012

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to: Robert Sanford (Mail)
Lisa E. Fleischmann, Esq. (ECF)
Judge J. Paul Oetken

---

[9/] If the pro se petitioner requires copies of any of the cases reported only in Westlaw, petitioner should request copies from opposing counsel. See, e.g., Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.1(c).