USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 25 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT SANFORD,

           Petitioner,

  -against-

WILLIAM A. LEE,

           Respondent.
------------------------------------------------------------X

MEMORANDUM AND ORDER

11 Civ. 5714 (JPO)

J. PAUL OETKEN, United States District Judge:

    *Pro se* Petitioner Robert Stanford seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Petitioner's application is denied.

    Petitioner was convicted in Supreme Court, New York County, of second degree kidnapping in 2005 and sentenced to twelve years imprisonment. The New York Court of Appeals denied Petitioner's application for leave to appeal on May 12, 2008, and his conviction became final 90 days later. Consequently, pursuant to 28 U.S.C. § 2244(d)(1), Petitioner had one year to apply for a writ of habeas corpus, or until August 11, 2009. Petitioner, however, did not file his petition until August 2, 2011.

    Magistrate Judge Andrew J. Peck issued a Report and Recommendation ("R&R") on June 22, 2011, which recommends denial of the petition on the grounds that it is untimely. Petitioner filed objections to the R&R, dated July 11, 2012. Although the objections are untimely, the Court has considered them nonetheless.

    A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection has been made to the recommendations of the magistrate judge, the court reviews the

COPIES MAILED TO
PRO SE PARTY ON JUL 25 2012

contested issues *de novo*. *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998). The Court, however, "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *La Torres v. Walker*, 216 F.Supp.2d 157, 159 (S.D.N.Y. 2000).

The Petitioner's objections have been carefully reviewed under the *de novo* standard of review. Judge Peck determined correctly that the petition is untimely and that Petitioner has failed to present a sound basis for equitable tolling.

Petitioner's argument that his "attorney's fail[ed] to submit a timely post-conviction motion" does not rise to the level of ineffective level of counsel warranting equitable tolling. (Petitioner's objections ¶ 3.) Judge Peck already considered and appropriately rejected this argument in the R&R. (*See* R&R at 5-6.) Petitioner raised no other argument that would support a finding that his petition is not barred. Accordingly, the Court concludes that Petitioner's objections are without merit and adopts Judge Peck's R & R in its entirety.

For the foregoing reasons, Petitioner's application is DENIED, and the petition is dismissed as untimely.

As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

SO ORDERED.

Dated: July 25, 2012
New York, New York

_____
J. PAUL OETKEN
United States District Judge